# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5176 | **DATE** | 7/3/2012 |
| **CASE TITLE** | Butcher vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's supplemental motion for attorneys fees pursuant to the Equal Access To Justice Act [34] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Sue Rebecca Butcher has moved for attorney fees to be paid by the Social Security Administration (the "SSA") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). The parties agree that Plaintiff qualifies as a "prevailing party" under EAJA because the Court granted the parties's agreed motion to remand the case to the Commissioner of Social Security (Def.'s Resp., p.1). The SSA also agrees that the hours expended by Plaintiff were reasonable. The Court grants Plaintiff her requested fees in the amount of $3,908.52, plus costs in the amount of $350.00.

    The EAJA provides that the award of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412 (d)(2)(A)(ii). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceedings involved, justifies a higher fee." *Id*. The Seventh Circuit has noted that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low," and has provided guidance as to circumstances that might justify an increase above the statutorily prescribed $125 hourly rate. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 562-3 (7th Cir. 2011). The *Matthew-Sheets* court did not prohibit use of cost of the Consumer Price Index to show a cost of living increase; *id.*at 563; however, the *Matthew-Sheets* opinion guides a lawyer seeking an increase above the statutory cap to also "show that inflation has increased the cost of providing adequate legal service." *Id; see also Scott v. Astrue*, 2012 WL 527523 at *5-6 (N.D. Ill. Feb. 16, 2012) (Schenkier, J.)

    Plaintiff has provided sufficient evidence to justify an increase in hourly compensation to $177.66 per hour. The cost of living in the relevant geographic area, as reflected in the Consumer Price Index for all urban consumers for the Midwest urban region, has increased from $151.70 in March 1996, the effective date of the EAJA, to $215.614 in November 2011, the month in which the majority of the work was done in

**STATEMENT**

Federal Court. *See* Ex. B to Plaintiff's Initial Memorandum at 11 (Docket No. 26). Applying this adjustment to the $125 per hour limit on EAJA fees set in March 1996 results in an adjusted hourly rate of $177.66 per hour. *Id.* In addition to the cost of living index, attorney Harry Binder submitted an affidavit describing the impact of cost of living increases on his legal practice, including with respect to labor costs, rent expenses, mailing and shipping cost increases; and provided the usual billing rate for his firm, substantially above the hourly rate requested here. *See* Ex. C to Plaintiff's Supplemental Memorandum (Docket No. 36). This evidence sufficiently demonstrates that $177.66 is an appropriate hourly rate for the services provided by counsel to Plaintiff.

The parties agree that the number of hours submitted by Plaintiff is reasonable for this case, and the SSA does not object to the taxation of the filing fee. Therefore, this Court awards Plaintiff $3,908.52 in fees, and $350.00 in costs.